IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| V. | : | CRIMINAL NUMBER 19-507 |
| | : | |
| | : | |
| ROBERT BRENNAN | : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Mr. Brennan, through undersigned counsel, respectfully submits this memorandum in aid of sentencing. He pled guilty pursuant to FED. R. CRIM. P. 11(c)(1)(C) thereby accepting responsibility for answering falsely certain questions of FBI agents in April 2019, and he respectfully requests that this Court impose the jointly recommended sentence of five years of probation with the first 24 months to be served on home detention. This sentence will be sufficient but not greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005).

I. **THE RECOMMENDED SENTENCING GUIDELINE RANGE**

The Presentence Report (PSR) correctly calculated the guidelines range as 18 to 24 months of imprisonment. PSR ¶ 83. However, because the jointly recommended sentence is fair and reasonable when considering the 18 U.S.C. § 3553 factors, Mr. Brennan asks this Court to honor the plea agreement and impose the specific sentence outlined therein.

II. **PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

In October 2018, the United States Attorney's Office for the Eastern District of Pennsylvania and the FBI opened an investigation into potential violations of federal law by

priests and other individuals associated with dioceses in the district.  *Id.* at ¶ 20.  On April 25, 2019, two agents went to Mr. Brennan's home in Maryland and asked him a series of questions, including whether he knew four former parishioners of Resurrection of Our Lord Parish where he once served as a priest.  *Id.* at ¶ 21.  Mr. Brennan falsely denied knowing the individuals.  *Id.* at ¶¶ 21-22.

On September 4, 2019, a federal grand jury in the Eastern District of Pennsylvania returned a four-count Indictment charging Mr. Brennan with making false statements, in violation of 18 U.S.C. § 1001.  *Id.* at 1.  To date, the government has not identified any other prosecutable offenses by anyone else during the course of its extensive investigation into the Catholic Church.  *Id.* at 20.  Following the Court's denial of a series of pretrial motions, Mr. Brennan pled guilty to Counts One through Four pursuant to a guilty plea agreement on November 10, 2021.  *Id.* at 2.  Sentencing in this matter is scheduled for March 31, 2022.

### III.  APPLICATION OF THE STATUTORY FACTORS TO THIS CASE

The parties' plea agreement reflects their shared belief that the proposed sentence of five years of probation with the first 24 months to be served on home detention will achieve the purposes of sentencing.  The agreement allows the Court to consider any permissible factors to impose a sentence in light of the criteria set forth in 18 U.S.C. § 3553(a).  In this case, the parties respectfully ask the Court to honor their plea agreement as an objectively reasonable and appropriate way of resolving the case.[1]

---

[1] Ninety-seven percent of all federal convictions are the result of guilty pleas, and guilty plea agreements are central to the administration of criminal justice.  *Missouri v. Frye*, 566 U.S. 134, 143-44 (2012) ("The potential to conserve valuable prosecutorial resources and for defendants to admit their crimes and receive more favorable terms at sentencing means that a plea agreement can benefit both parties.")  Guilty pleas bring finality to criminal cases without the uncertainties and laboriousness of pretrial, trial, and direct and collateral appellate litigation.  Indeed, the Supreme Court has recognized that the finality of criminal judgments is "essential to the operation of our criminal justice system."  *Teague v. Lane*, 489 U.S. 288, 309 (1989) (plurality).

The Court must consider all the § 3553(a) factors and impose a sentence that is "sufficient, but not greater than necessary" to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a). In this case, the proposed sentence meets these criteria. The factors the Court must consider include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *Id.*

### A. The Nature and Circumstances of the Offense and History and Characteristics of Mr. Brennan

At 84 years old, Mr. Brennan comes before this Court having never been convicted of a crime. PSR ¶¶ 39-45. He has admitted to his dishonesty in telling the FBI that he did not know the former parishioners referenced in the PSR. Though serious allegations were made against Mr. Brennan in the past, they have never been proven in a court of law. *See id.* at ¶¶ 14-20, 67-74. This Court is neither tasked with assessing their veracity nor capable of doing so in accordance with basic principles of due process. Simply put, any attempts by the government to broaden this false statements case into something more serious should be dismissed outright, particularly in light of the plea agreement's terms.

As is clear from the presentence report, Mr. Brennan has lived a full and interesting life.

*See id.* at ¶¶ 47-53, 67.  His pursuit of higher education is particularly laudable and a source of great pride.  *Id.* at ¶¶ 65-66.  Prior to his arrest, his most enjoyed activities were taking long walks at Longwood Gardens in Chester County, Pennsylvania and going to the library.  He has made peace with his separation from the priesthood but remains devout in his faith.  *Id.* at ¶ 53.  He is relieved to have the instant case finally come to an end and wants nothing more than to continue on with his modest, private life for however long time permits.

The sentence that most appropriately considers Mr. Brennan's history and characteristics, as well as the nature and circumstances of the offense, is therefore the jointly recommended noncustodial sentence detailed in the plea agreement.

**B.     The Need for the Sentence Imposed to Promote Certain Statutory Objectives**

1. *To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.*

Mr. Brennan accepts responsibility for his conduct and agrees with the proposed sentence outlined in the plea agreement.  The lengthy probationary sentence he faces and, perhaps more importantly, that he will have a permanent federal criminal conviction will certainly serve to promote his respect for the law and appropriately punish his April 2019 conduct.  The jointly recommended sentence is therefore minimally sufficient to achieve these statutory goals; thus, Mr. Brennan respectfully requests that the Court honor the plea agreement.

2. *To afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.*

Given the nature of the instant offense, Mr. Brennan's complete lack of criminal history, his full compliance on pretrial supervision for the past two and a half years, and his age, he does not appear to pose a risk of committing future crimes; however, the Court's ability to monitor him for the next five years and impose harsh sanctions should he violate probation sufficiently

4

function to mitigate any potential risks. Additionally, to the extent that any sentence deters the criminal conduct of others, the jointly recommended sentence and its collateral consequences will serve to send the desired message. Therefore, the jointly recommended sentence will serve the goals of specific and general deterrence.

> 3. *To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

Despite his current circumstances, Mr. Brennan has an overall positive outlook about his future. He is in relatively good health and takes seriously his cardiologist's advice to remain physically active. He maintains mental wellness via medication management and his spirituality. Given his age and educational achievements, he is not in need of vocational training or further education, and he does not require substance abuse treatment. The sentence outlined in the plea agreement therefore appropriately addresses this sentencing goal, and Mr. Brennan respectfully urges the Court to impose it accordingly.

**C.   The Guidelines and Policy Statements Issued by the Sentencing Commission**

The proposed sentence reflects a modest downward variance from the applicable sentencing guidelines range, which is reasonable and consistent with 18 U.S.C. §3553(a). Additionally, the proposed sentence does not contradict any applicable policy statements issued by the Sentencing Commission to counsel's knowledge. The proposed sentence of five years of probation is therefore consistent with this statutory sentencing factor.

**D.   The Need to Avoid Unwarranted Sentence Disparities**

To defense counsel's knowledge, the sentence outlined in the plea agreement would not result in an unwarranted sentence disparity among similarly situated defendants.

    **E.**    **The Need to Provide Restitution to Victims of the Offense**

Restitution is not an issue in this case.

### IV. <u>CONCLUSION</u>

For the reasons articulated herein, the sentence specified in the plea agreement into which Mr. Brennan and the government entered appropriately balances the § 3553(a) factors. He stands before this Court having accepted responsibility for his actions and knows and accepts the consequences. Considering all arguments articulated herein, as well as any brought to the Court's attention at the time of sentencing, Mr. Brennan respectfully requests the Court impose the sentence detailed in the plea agreement.

    Respectfully submitted,

    */s/ Katrina Young*
    KATRINA YOUNG
    Assistant Federal Defender

    */s/ Catherine Henry*
    CATHERINE HENRY
    Senior Litigator

## CERTIFICATE OF SERVICE

We, Catherine Henry, Senior Litigator, and Katrina Young, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that we have electronically filed and served a copy of the Defendant's Sentencing Memorandum upon Michelle Morgan, Assistant United States Attorney, to her office located at 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106.

/s/ Katrina Young
KATRINA YOUNG
Assistant Federal Defender


/s/ Catherine Henry
CATHERINE HENRY
Senior Litigator

DATE:       March 24, 2022